UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| ROBERT HAMPTON III, | ) |
|---|---|
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Case No. 10-1061 (RJL) |
| GOVERNMENT OF THE DISTRICT OF COLUMBIA, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(February _14_, 2011) [#4]

Plaintiff Robert Hampton II ("plaintiff") brings this action against the District of Columbia ("the District" or "defendant"), as well as Metropolitan Police Officer Robert Elliot ("Officer Elliot"),[1] for violations of his constitutional rights under 42 U.S.C. §§ 1983, 1985 and the common law torts of false arrest and false imprisonment. Currently before this Court is defendant's Motion to Dismiss. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, defendant's motion is GRANTED.

## BACKGROUND

For the purpose of this motion, this Court accepts the allegations set forth in plaintiff's Complaint as true. In the early hours of June 4, 2007, plaintiff and three companions arrived at a gas station on M Street, S.E. in Washington, D.C. Compl. ¶ 4. While plaintiff was inside the station purchasing a bottle of water, Officer Elliot

---

[1] As of the date of this opinion, Officer Elliot has not been served with the Complaint. For the reasons stated in this Memorandum Opinion, however, any claims against Officer Elliot are also dismissed.

1

approached plaintiff's companions who were standing around the outside of plaintiff's vehicle. Compl. ¶ 5. As Officer Elliot approached, plaintiff's male companion began to walk away and, despite Officer Elliot's request that he stop and return to the vehicle, immediately left the scene. Compl. ¶ 6. When plaintiff came out of the station, he found Officer Elliot inside the vehicle searching the glove compartment. Compl. ¶ 7. Plaintiff alleges that Officer Elliot had neither probable cause nor permission to search the vehicle. Compl. ¶ 8. Nevertheless, Officer Elliot found a pistol in the glove compartment and arrested plaintiff for carrying a pistol without a license. Compl. ¶ 9. Plaintiff was held without bond and incarcerated from June 4, 2007 until October 19, 2007, at which time the charges were dismissed. Compl. ¶ 11.

Plaintiff now claims restrictions on his freedom, cruel and unusual punishment, violations of his due process rights and violations of equal protection, under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution. Compl. ¶ 12. Plaintiff also brings claims alleging the common law torts of false arrest and false imprisonment. Compl. ¶¶ 14-22. Defendant, however, seeks to dismiss these claims under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff has failed to put forth facts that support any cognizable claim upon which relief can be granted. I agree.

## ANALYSIS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts, which if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a court must assume all factual allegations to be true and draw all reasonable inferences in the plaintiff's favor,

the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Indeed, "when allegations in a complaint, however, true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotes and citations omitted).

As an initial matter, several claims made in the complaint are conceded. First, in his opposition to defendant's motion to dismiss, plaintiff concedes that both common law tort claims, false arrest and false imprisonment, are precluded by the one-year statute of limitation. Pl.'s Opp'n to Def.'s Mot. Dismiss ("Pl. Opp'n") at 6. Second, it is the law in our Circuit that "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, the court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (*citing Fed. Deposit Ins. Co. v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); *see also* L.Cv.R. 7(b). Because plaintiff made no attempt to address defendant's arguments with respect to plaintiff's claims under 42 U.S.C. § 1985, the Eighth and Fourteenth Amendments and the Equal Protection clause, this Court will treat those claims as conceded. *See* L.Cv.R. 7(b).[2] The remaining claims allege constitutional

---

[2] The decision to treat a claim as conceded, however, is highly discretionary. Here, the Court is persuaded to dismiss these claims as it is apparent that plaintiff also fails on the merits. Plaintiff, who only alleges wrongdoing by a single person – Officer Elliot – has not alleged a conspiracy as required under 42 U.S.C. § 1985. *See generally* 42 U.S.C. §

3

violations of plaintiff's Fourth and Fifth Amendment rights under 42 U.S.C. § 1983. These claims, however, must also be dismissed. How so?

Under 42 U.S.C. § 1983, a municipality, such as the District, is only liable for the acts of its employees if a plaintiff can show that: (1) he was deprived of a constitutional right; and (2) such deprivation was the result of a government policy or custom. *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004). This standard rejects a theory of *respondeat superior* with respect to municipalities and precludes them from being sued "under § 1983 for an injury inflicted solely by its employees or agents." *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Simply put, the municipality, itself, must be at fault. Thus, a complaint that fails to allege a municipal policy or custom that resulted in the constitutional violation fails to allege a necessary element of a § 1983 claim. *See Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987).

In addition, a plaintiff alleging a violation of a constitutionally protected interest under § 1983 must demonstrate that the violation was the proximate cause of the plaintiff's injury. *Carey v. Piphus*, 435 U.S. 247, 258-59 (1978). Specifically, because

---

1985. In addition, neither the Eighth nor Fourteenth Amendments even apply to plaintiff. *See Estate of Gaither v. District of Columbia*, 655 F. Supp. 2d 69, 85-86 (D.D.C. 2009) (explaining that the Eighth Amendment only applies to convicted persons, not pretrial detainees); *Powers-Bunce v. District of Columbia*, 659 F. Supp. 2d 173, 179 (D.D.C. 2009) (explaining that suits against the District of Columbia must be brought under the Fifth and not the Fourteenth Amendment). Finally, plaintiff did not make any allegations regarding any disparate treatment that could amount to a challenge under the Equal Protection Clause. *See Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). This Court, therefore, does not hesitate in enforcing the local rules and treating each of these claims as conceded.

4

the interest protected by the Fourth Amendment is a person's privacy interest, a plaintiff must show legal causation between the invasion of privacy and the actual injury suffered. *Townes v. New York*, 176 F.3d 138, 148 (2d Cir. 1999). There is no legally cognizable causal relationship, however, between an officer's search of a plaintiff's belongings and the arrest and detainment that may result from the fruits of that search. *Id.* at 148-49 (noting that "the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant"); *see also Elkins v. District of Columbia*, 610 F. Supp. 2d 53, 60 (D.D.C. 2009) (finding that "a victim of an unreasonable search may recover damages directly related to the invasion of privacy, but not for injuries resulting from the discovery of incriminating evidence and consequent prosecution").

Finally, the Fifth Amendment protects against the deprivation of life, liberty or property without due process of law. U.S. CONST. amend. V. To this end, the Fifth Amendment protects pretrial detainees from conditions of confinement that would otherwise violate the Eighth Amendment. *See Powers-Bunce v. District of Columbia*, 659 F. Supp. 2d 173, 179 (D.D.C. 2009). Thus, for a pretrial detainee to have a valid § 1983 claim, he must show a "wanton and unnecessary infliction of pain" or conditions that are "grossly disproportionate" to the reason for detention. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Here, plaintiff fails to allege any facts regarding policies or customs, which would sustain a claim against the District. *See Monnell*, 436 U.S. at 694.[3] Nor does plaintiff

---

[3] Plaintiff's Opposition mentions the existence of an unnamed Washington Post article from 2005 indicating that Officer Elliot was involved in an illegal search and seizure on

assert any facts that would amount to a constitutional violation. Even assuming that Officer Elliot had no probable cause to search plaintiff's glove compartment, the illegal search alone would not cause his arrest and detention to be similarly illegal. *See Townes*, 176 F.3d at 148.

Plaintiff also attempts to argue that the arrest itself was not based on probable cause and, therefore, also violated his Fourth Amendment rights. Plaintiff develops this argument in his Opposition and asks the Court to grant "leave to amend the Complaint to allege [that plaintiff's] arrest was illegal and lacked probable cause." Pl. Opp'n at 6. Such an amendment, however, would be futile. Probable cause requires "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person ... in believing ... that the suspect has committed, is committing, or is about to commit an offense." *United States v. Dawkins*, 17 F.3d 399, 403 (D.C. Cir. 1994). Further, it is well established that probable cause may be based on constructive possession. *See United States v. Holly*, 219 F. Supp. 2d 117, 123-24 (D.D.C. 2002). Plaintiff admits that Officer Elliot discovered a pistol in the glove compartment of a vehicle that was registered to the plaintiff. Compl. ¶ 9. These facts are sufficient to show

---

at least one prior occasion. Pl. Opp'n at 5. Plaintiff concludes that based on these two incidents involving the same officer, "it appears that there is a failure to properly train and instruct the police officers in the law of search and seizure." Pl. Opp'n at 5. This argument is to no avail. Indeed, the Supreme Court has stated that "it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989) (footnote omitted). Nonetheless, plaintiff alleges no facts to support a finding of deliberate indifference on the part of the District. This argument, therefore, must fail.

probable cause. *See Blackmon v. United States*, 835 A.2d 1070, 1075 (D.C. 2003) (finding sufficient probable cause to arrest the driver (and presumptive owner) of a vehicle for constructive possession of cocaine found in the vehicle). This Court need not accept plaintiff's conclusion that his arrest violated any constitutionally protected interest when that conclusion is so flatly contradicted by the facts. The Court, therefore, denies plaintiff's request for leave to amend. *See James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

Finally, plaintiff fails to raise any facts relating to the conditions of his confinement that would have amount to a violation of his Fifth Amendment rights. *See Powers-Bunce*, 659 F. Supp. 2d at 179. In addition, having found that plaintiff's arrest was, indeed, lawful, this Court finds that plaintiff fails to raise any other cognizable claim under the Fifth Amendment.[4]

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's Motion to Dismiss [#4]. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[4] In his Opposition, plaintiff raises for the first time the fact that he was on probation at the time of his arrest. Pl. Opp'n at 4. As this Court finds that plaintiff's arrest was lawful, it is difficult to see how this fact bares any relevance to any of his claims.